UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2873 CAS (PLAx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | JOSE GUARDADO V. LOS ANGELES COUNTY, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) DISMISSING PLAINTIFF'S COMPLAINT IN ITS ENTIRETY & DENYING PLAINTIFF'S EX PARTE APPLICATIONS FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR ISSUANCE OF A PRELIMINARY INJUNCTION (filed 4/19/10 and 5/03/10)

      On April 19, 2010, plaintiff Jose Guardado filed the instant suit against the Los Angeles County Superior Court; Los Angeles County Sherieff's [sic] Department; Faisal M. Zubairi; Dorsey & Whitney LLP; Midland Mortgage Co.; US Bank N.A.; Citigroup Mortgage Loan Trust Inc.; Series 2007-OPXI; Quality Loan Services, LLC; Homecomings Financial, LLC; and Does 1 to 10.  Plaintiff alleges claims for (1) violation of the Due Process Clause of the Fourteenth Amendment; (2) violation of the Civil Rights Act, 42 U.S.C. § 1983; and (3) abuse of the legal process.

      According to plaintiff, he instituted a related action, Case No. GC043405, against certain defendants in Los Angeles County Superior Court on July 21, 2009 (the "underlying state action") alleging various state claims arising out of the foreclosure of plaintiff's residence located at 278 Douglas Street, Pasadena, California (the "Subject Property").  Compl. ¶ 8.  On April 2, 2010, U.S. Bank N.A., through its attorneys, Faisal M. Zubairi and Dorsey & Whitney LLP, filed an ex parte application for an order dismissing the underlying state action with prejudice for plaintiff's failure to file a second amended complaint after a demurrer was sustained with leave to amend.  Id. ¶ 9.  Plaintiff alleges that he was not provided the required 24 hour notice of the hearing on defendants' ex-parte application.  Id. ¶ 11.  Further, the Los Angeles County Superior Court issued the requested ruling, allegedly despite the fact that "moving papers filed before the court unequivocally demonstrated violations [of] federal and state laws."  Id. ¶ 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2873 CAS (PLAx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | JOSE GUARDADO V. LOS ANGELES COUNTY, ET AL. | | |

    On April 19, 2010, plaintiff filed the instant ex parte application for a temporary restraining order and a preliminary injunction. Plaintiff asserts that he has been ordered to vacate the Subject Property on April 19, 2010 and that defendants will not halt or set-aside said action without court order. Accordingly, plaintiff seeks an order enjoining defendants from foreclosing or selling the Subject Property.

    On April 20, 2010, the Court issued an order for plaintiff to show cause no later than May 3, 2010, why the relief requested in the instant action is not barred by the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust, 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-486 (1983). Further, plaintiff was ordered to show cause as to why his Section 1983 claims against the Los Angeles County Superior Court and the Los Angeles County Sheriff's Department, acting pursuant to a valid writ issued by the Los Angeles Superior Court, are not barred on the basis of absolute and quasi judicial immunity, respectively. Plaintiff's ex parte application was taken under submission pending his response to the order to show cause.

    On May 3, 2010, plaintiff filed an additional ex parte application for "temporary restraining order and order to show cause why preliminary injunction should be issued." Plaintiff seeks an order enjoining the enforcement of the ruling by the Los Angeles County Superior Court on defendant's ex parte application, filed April 2, 2010, in the underlying state action. Plaintiff effectively seeks the same relief requested in his April 19, 2010 ex parte application—namely, an order enjoining defendants from foreclosing or selling the Subject Property, pursuant to the ruling in the underlying state action.

    As of the date of this order, plaintiff has not filed a response to this Court's April 20, 2010 Order to Show Cause. Instead, plaintiff's second ex parte application, filed May 3, 2010, ignores the issues raised by the Court. For the reasons articulated in this previous order, the Court finds that it lacks jurisdiction over plaintiff's claims, pursuant to the Rooker-Feldman doctrine. Moreover, plaintiff's Section 1983 claims against the Los Angeles County Superior Court and the Los Angeles County Sheriff's Department, are barred on the basis of absolute and quasi judicial immunity, respectively.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2873 CAS (PLAx) | Date | May 12, 2010 |
|---|---|---|---|
| Title | JOSE GUARDADO V. LOS ANGELES COUNTY, ET AL. | | |

For these reasons, the Court dismisses plaintiff's complaint in its entirety and plaintiff's ex parte applications are denied as moot.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |